IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10cv248

| | | |
|---|---|---|
| UNITED COMMUNITY BANK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| RODOLFO V. ARRUARANA, | ) | |
| BARBARA L. TRETO, and | ) | |
| MICHAEL YEOMANS, | ) | |
| | ) | |
| Respondents. | ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion for Default Judgment as to Respondents Rodolfo V. Arruarana, Barbara L. Treto, and Michael Yeomans [Doc. 16].

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On October 21, 2010, the Petitioner United Community Bank filed an Application seeking confirmation of arbitration awards obtained against the Respondents Rodolfo V. Arruarana ("Arruarana"), Barbara L. Treto ("Treto"), and Michael Yeomans ("Yeomans") (collectively, "Respondents"), and seeking entry of judgment in accordance with 9 U.S.C. §§ 1 and 13. [Doc. 1].  In support of its Application, the Petitioner alleges that it made separate loans to the Respondents and that Respondents in turn executed

promissory notes in favor of Petitioner [Id. at ¶7]; that the promissory notes contain a mandatory arbitration provision [Id. at ¶8]; and that each of the Respondents had defaulted on their respective repayment obligations under the promissory notes [Id. at ¶9]. The Petitioner served each of the Respondents with an arbitration demand, and a hearing was held before an arbitrator. [Id.]. On April 6, 2010, the Arbitrator issued a final award in favor of the Petitioner against each of the Respondents. [Id. at ¶¶10, 11, 12]. Copies of these awards are attached to the Application as Exhibits A, B, and C. [Docs. 1-1, 1-2, and 1-3].

Yeomans was served with a Summons and the Petitioner's Application on or about January 18, 2011. [See Affidavit of Service, Doc. 5]. On Feburary 16, 2011, the Petitioner moved for an extension of time in which to serve the remaining Respondents. [Doc. 6]. The Court granted the Petitioner's motion and extended the time for service of process to April 19, 2011. [Doc. 7]. Arruarana and Treto were served with a Summons and the Petitioner's Application on or about March 10, 2011. [See Affidavits of Service, Docs. 10, 11, 12]. On March 27, 2011, Treto filed a *pro se* motion requesting an additional thirty days to file an answer or to retain counsel. [Doc. 8]. The Magistrate Judge granted Treto's motion, allowing her forty-

five days from being served to file an answer or otherwise respond to the Application. [Doc. 9]. Treto, however, has not filed any further pleadings in this matter. After the time to serve an answer or otherwise respond to the Application had expired as to each of the Respondents, the Petitioner moved pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for entry of default, which the Clerk of Court properly considered and entered on June 3, 2011. [Doc. 14].

The Petitioner having taken no further action to prosecute the matter following entry of default, the Court entered an Order on July 6, 2011, directing the Petitioner to take further appropriate action no later than August 5, 2011. [Doc. 15]. The Petitioner filed the present Motion for Default Judgment on July 6, 2011. [Doc. 16].

## II. ANALYSIS

Rule 55(b) of the Federal Rules of Civil Procedure provides that the Clerk of Court may enter a default judgment against a defendant who has been defaulted and who is neither a minor nor an incompetent person if the plaintiff's claim is for a sum certain or is a sum that can be made certain by computation. Fed. R. Civ. P. 55(b)(1). In all other cases, a motion for default judgment must be decided by the Court. Fed. R. Civ. P. 55(b)(2).

In the present case, each of the three Respondents has been defaulted, and there is no indication that any of the Respondents is a minor or an incompetent person. Before the Court can enter a default judgment in this case, however, the Petitioner also must show that it is entitled to confirmation of the arbitration award as a matter of law. See, e.g., D.H. Blair & Co. v. Gottdiener, 462 F3d 95, 109-10 (2d Cir. 2006); McColl Partners, LLC v. DME Holdings, LLC, No. 3:10cv247, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011).

The Court cannot enter a default judgment in this case because the Petitioner has failed to satisfy the requirements of 9 U.S.C. § 13, which provides, in pertinent part, as follows:

> The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
>
> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
>
> (b) The award.
>
> (c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

9 U.S.C. § 13. In support of its Application, the Petitioner filed copies of the award against each Respondent, thereby satisfying § 13(b), but neglected to file copies of the arbitration agreement and other papers required by subsections (a) and (c). [See Docs. 1-1, 1-2, 1-3]. Without the filings required by § 13, the Court is unable to conclude from the record that a valid arbitration agreement and award exist and therefore is unable to determine whether the Petitioner is entitled to a judgment as a matter of law. Unless and until the record reflects a basis upon which the Court can make such a conclusion, the motion for default judgment must be denied.

Accordingly, **IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Default Judgment as to Respondents Rodolfo V. Arruarana, Barbara L. Treto, and Michael Yeomans [Doc. 16] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: July 12, 2011

Martin Reidinger
United States District Judge